UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANDRE O'NEAL,

        Plaintiff,

v.                                                                Case No. 18-cv-1519-pp

TOM COLON, HEATHER, KEVIN CARR,
CHRISTOPHER DAMMONS, KEN ROBBSON,
and JASON WOJDYLO,

        Defendants.

---

ANDRE O'NEAL,

        Plaintiff,

v.                                                               Case No. 18-cv-1521-pp

HOMELAND SECURITY FUSION CTR MILWAUKEE WISCONSIN,
MILWAUKEE WISCONSIN FUSION CTR & EMPLOYEE,
OFFICER LIMBERG, OFFICER PETER,
OFFICER BECERIA, and OFFICER SOMERS,

        Defendants.

---

ANDRE O'NEAL,

        Plaintiff,

v.                                                               Case No. 18-cv-1522-pp

MILWAUKEE WISCONSIN US DEPARTMENT
OF JUSTICES, ERIN MORGAN,
NACEY, GEORGETT, ELLA, DANYALE, BROOKS,
PAUL KANTER, and MATTHEW KRUEGER,

        Defendants.

1

# ORDER BARRING PLAINTIFF FROM VISITING THE SECOND FLOOR OF THE COURTHOUSE AT 517 EAST WISCONSIN AVENUE, BARRING THE PLAINTIFF FROM FILING OR ATTEMPTING TO FILE TRANSCRIPT ORDER FORMS FOR TELEPHONE CONVERSATIONS WITH FEDERAL COURT STAFF AND DENYING TRANSCRIPT REQUESTS

This past June, I dismissed four cases that plaintiff Andre O'Neal had filed—Case Nos. 18-cv-536, 18-cv-548, 18-cv-684, and 18-cv-685. I dismissed these cases because, as I explained to Mr. O'Neal, the problems he described in his lawsuits were not problems that a federal court could help him with. Three and a half months later, Mr. O'Neal filed the above three cases, making pretty much the same claims he made in the lawsuits that I dismissed.

In the seven months that Mr. O'Neal has had cases in my court, he has made numerous telephone calls—to the clerk's office, to my chambers, to the Marshals Service. He has questioned the orders he has received from me, expressing doubt that my signature is my signature. (I admit I have a terrible signature—it looks like a scribble. I sign my name so many times a day in my job that I become impatient and I don't write my signature out neatly.) He has called my office numerous times—during the day, when my staff is present to answer the phone, and late at night or early in the morning, when he must leave a message on my answering machine—demanding to speak with me. I have listened to every answering machine message. The ethics rules strictly prohibit me from talking to someone on one side of the case if the person or people on the other side of the case are not present. This is called an "*ex parte*" communication, and I cannot have "*ex parte*" communications with parties to

2

lawsuits. I have instructed my staff not to put Mr. O'Neal's calls (or calls from any party asking to speak to me without the other side on the phone) through to me.

Mr. O'Neal has come to my office to talk to me. My law clerk told him, just like my staff has told him over the phone, that he could not talk to me about his cases; if he wanted to ask me to take some action in his cases, he had to write his request down on paper and file it in the clerk's office on the third floor. Mr. O'Neal has called my office to verify the date and time of my next hearing, so that he could come and talk to me at that time—even though my staff already had told Mr. O'Neal that I *could not* talk to him about his cases. My staff reported this visit and phone call to me, as they were required to do, to help me make sure that I do not have an *ex parte* conversation that I am not supposed to have.

Because Mr. O'Neal did not seem willing to abide by the rules that my staff had explained to him, I notified the Marshal Service about Mr. O'Neal's plans to come to one of my hearings. Some of the deputy marshals came to talk to me about Mr. O'Neal. I told them that he had been repeatedly calling the clerk's office (sometimes not being polite to the people who answered the phone) and my office, that he had come to my office on one occasion and that he'd told my staff he intended to come to a hearing on a certain date. I told the deputy marshals that Mr. O'Neal did not seem able to accept the fact that I was not going to speak to him without all the other parties he'd sued present.

The deputy marshals reminded me that the clerk's office (where people file their documents) is on the third floor of our building. They asked me whether there were any hearings scheduled in any of Mr. O'Neal's cases in any courtrooms on the second floor. I told them that there were no hearings scheduled. The marshals suggested that, because I cannot talk to Mr. O'Neal unless it is at a hearing with the other parties present, and because there were no hearings scheduled in any second-floor courtrooms in any of his cases, they tell Mr. O'Neal that he could not come to the second floor of the courthouse. After considering this proposal, I agreed. I made sure that the deputy marshals understood that I did not want to prevent Mr. O'Neal from filing documents in his cases, or from attending any scheduled hearings; I only wanted to make sure that he did not continue to try to talk with me directly, without the other parties present, in violation of the rules.

It is my understanding that Mr. O'Neal came to the courthouse to try to talk to me at a time that I was scheduled to be in the courtroom for a hearing, but that the marshals intercepted him and told him that he could not come to the second floor. It appears that there was a disagreement between Mr. O'Neal and the marshals, and Mr. O'Neal called the police.

Since then, Mr. O'Neal has continued to call the clerk's office and my office. He has demanded to know if I issued the order barring him from visiting the second floor; I believe my staff has told Mr. O'Neal that there was no written order, just a decision by the marshals (which I approved). He has demanded a "transcript" relating to the fact that the marshals have barred him

4

from coming to the second floor; my staff has correctly told Mr. O'Neal that there is no "transcript." I record only hearings that take place in the courtroom. I do not record conversations that I have with people sitting in my office (like the conversation I had with the marshals). Neither I nor my staff nor the clerk's office staff record telephone calls that we have with members of the public.

Now, Mr. O'Neal has started filing transcript requests with the clerk's office in his current cases. He has asked for "transcripts" of all the files or dockets relating to the ban on his visits to the second floor. O'Neal v. Conlon, et al., 18-cv-1519 at dkt. nos. 2, 5; O'Neal v. Homeland Security Fusion Ctr., et al., 18-cv-1521 at dkt. nos. 4, 5; O'Neal v. Milwaukee Wisconsin US Dept. of Justices, et al., 15-cv-1522 at dkt. nos. 4, 5. He also has been calling my office, and the clerk's office, and every time he speaks with someone, he demands to have a transcript of that telephone conversation. There are no "transcripts" of those telephone conversations. They are not recorded.

I strongly believe in the right of citizens to file lawsuits and pursue those lawsuits. But people who want to use the court system to resolve their problems must treat the employees of that system civilly and must follow the rules of that system. They also must understand that the Eastern District court has thousands of cases; each judge has hundreds of cases assigned to him or her. Everyone who works with the judges—the judges' staff members, the clerk's office staff, the marshals—is very busy trying to make sure that all those cases get the attention they deserve. Mr. O'Neal's numerous phone calls, his attempts to talk to me in violation of the rules and his demands for

5

transcripts that do not exist are abusing the limited resources that the federal court has for doing its work for all of the citizens in southeastern Wisconsin.

I, United States District Judge Pamela Pepper, am the person who agreed that Mr. O'Neal should be barred from visiting the second floor of the Milwaukee federal courthouse. I did not issue an order at that time. Because Mr. O'Neal continues to question the marshals' directive that he cannot visit the second floor, I am issuing that order now. If Mr. O'Neal needs to file a document with the clerk's office, he may mail it to 517 East Wisconsin Avenue, Room 362, Milwaukee, Wisconsin 53202, or he can take it to the clerk's office on the third floor. The clerk's office staff scans into the docket every document that a party files in person or by mail; I will see every document that Mr. O'Neal files. I also am barring Mr. O'Neal from trying to file or filing transcript order forms unless he is asking for the transcript of a formal, scheduled hearing in one of his cases that took place in a courtroom, in front of a judge, with all parties present. Finally, I am denying all the requests that Mr. O'Neal has made for transcripts relating to the bar against him visiting the second floor. Mr. O'Neal, there aren't any transcripts relating to that bar. There is nothing for anyone from my office or the clerk's office or the marshals to give you—other than this order.

The court **ORDERS** that Andre O'Neal is **BARRED** from visiting the second floor of the courthouse at 517 East Wisconsin Avenue, Milwaukee, Wisconsin. The court further **ORDERS** that Andre O'Neal is **BARRED** from filing or attempting to file transcript order forms unless he is asking for the

transcript of a formal, scheduled hearing in one of his cases that took place in a courtroom, in front of a judge, with all parties present. If Mr. O'Neal needs to communicate with me, he **must do so in writing**, and must file that writing with the clerk's office, either through the mail or in person. If Mr. O'Neal does not comply with this order, I will consider imposing sanctions on him, including possibly issuing an order barring him from the courthouse, or barring him from filing cases. To avoid such a sanction, Mr. O'Neal must comply with this order.

Dated in Milwaukee, Wisconsin this 20th day of November, 2018.

**BY THE COURT:**

_(Pamela Pepper)_
**HON. PAMELA PEPPER**
**United States District Judge**