UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANDRE O'NEAL

        Plaintiff,

  v.                                     Case No. 18-cv-1519-pp

US MARSHALL MILWAUKEE WISCONSIN & CHICAGO ILLINOIS,
TOM COLON, HEATHER,
KEVIN CARR, CHRISTOPHER DAMMONS,
KEN ROBBSON and JASON WOJDYLO,

        Defendants.

---

**ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM**

---

On September 27, 2018, the plaintiff, who represents himself, filed three complaints in the Eastern District of Wisconsin. He sued various federal defendants, including the Department of Homeland Security, the United States Department of Justice, members of the United States Marshal Service and members of the United States Attorney's Office. Case Nos. 18-cv-1519, 18-cv-1521 and 18-cv-1522. This is not the first time the plaintiff has filed lawsuits in the Eastern District of Wisconsin; in June 2018, this court dismissed four of the plaintiff's complaints (which also named various federal defendants). Case Nos. 18-cv-536, 18-cv-548, 18-cv-684 and 18-cv-685.

The present complaint, Case No. 18-cv-1519, names the United States Marshal Service of Milwaukee, Wisconsin and of Chicago, Illinois as

1

defendants, as well as "Tom Colon & Heather & Kevin Carr Chirstoper Dammons, Ken Robbson, Jason Wojdoylo" as defendants. Dkt. No. 1 at 1. The plaintiff has asked for leave to proceed without prepaying the filing fee. Dkt. No. 2. While the plaintiff has established that he cannot afford the filing fee, the court will dismiss the complaint for failure to state a claim for federal relief.

I. **Motion to Proceed Without Prepayment of the Filing Fee (Dkt. No. 2)**

The court may allow someone to proceed without prepayment of the filing fees if he meets two conditions: (1) he shows that he is unable to pay the filing fee; and (2) the case is not frivolous nor malicious, does not fail to state a claim on which relief may be granted, and does not seek relief against a defendant who is immune from such relief. 28 U.S.C. §§1915(a) and (e)(2).

A. Plaintiff's Ability to Pay the Filing Fee

The plaintiff states that he is unemployed, single and has a fifteen-year old son for whom he provides no financial support. Dkt. No. 2. He reports that he has no monthly income, no expenses and owns no property of value. Based on this information, the court concludes that the plaintiff does not have the money to pay the $400 filing fee.

B. Screening of the Complaint

1. *Legal Standard*

The court must dismiss a complaint if a plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous where it "is based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). That said, a complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). Rather, a complaint must contain sufficient factual matter, accepted as true, that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the

3

speculative level." Twombly, 550 U.S. at 555 (citation omitted). Because the plaintiff is representing himself, the court must liberally construe the allegations of his complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

   2. *Facts Alleged in the Complaint*

The plaintiff begins the complaint with an explanation of the services and benefits that witnesses placed into the United States Marshal Service Witness Protection program receive. Dkt. No. 1 at 2-3. Next, the plaintiff explains what has happened to him:

> Defendant has with held government files from Plaintiff that was supposed to be given to Plaintiff for status of crimes reported and have discriminated, Fraudulent misrepresentation, Negligent misrepresentation, Depraved Constitutions Law and Civil Right Conspiracy against right, Concealing a Homicide Death, obstructing investigation, obstructions of justice, 1&4&6&14 Amendment of Us Constitutions law and civil right Us 18 & title 5 color of law, Us code 42, 28. Treason broken sworn of oath to protect federal and state witness from its accusers in Whistle Blower cases and denial of justice.

Id. at 3. These are the only facts the plaintiff included in the complaint, but he provided thirty-five pages of attachments. Dkt. No. 1-1. The plaintiff did not explain these attachments, or tell the court what he thinks they prove; the court's best guess is that the attachments are the plaintiff's record of the attempts he's made to communicate with the U.S. Marshal's Service. Id. at 1. At page eight of the attachments, the plaintiff mentions two of the defendants—U.S. Marshal Tom Colon and U.S. Marshal Christopher Dammons. Id. at 8. From what the court can tell, the plaintiff had a conversation with these defendants, where they informed him that the Illinois Inspector General had

4

resolved the cases in which the plaintiff had an interest. Id. The plaintiff says this was the first he had heard about the cases being resolved. Id.

### 3. *Analysis*

Federal Rule of Civil Procedure 8(a)(2) states that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." There is a reason that the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." U.S. *ex rel.* Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). The plaintiff cannot leave the court "to guess what claims [he] intends to assert against which defendants." Dunigan v. St. Clair Cty. Jail Med. Staff, No. 15-CV-487, 2015 WL 2455505, *2 (S.D. Ill. May 22, 2015).

The complaint does not comply with this rule. It does not tell the court what each defendant allegedly did to violate the law, or to violate his rights. It does not provide the "who, what, when, where" information that a court and defendants need to understand what the plaintiff believes that the defendants did wrong. The court has some background, having reviewed the plaintiff's prior four cases. The court is aware that the plaintiff has, in the past, asserted that he witnessed crimes, and that he needs to be placed in witness protection. The court knows, from the prior cases, that the defendant has asked several agencies, including the Marshal's Service in Milwaukee, to put him in witness protection, and that those agencies have not done so. The court has told the plaintiff before that there is no federal cause of action for that allegation. The

5

court suspects that he is trying to make the same allegations here that he made in one of his prior cases—he is trying to sue the Marshal's Service and the individual defendants for not placing him in witness protection. Nothing has changed since the court last told the plaintiff that it cannot provide relief or that allegation.

As he did in his prior cases, the plaintiff provides a list alleging that the defendants engaged in discrimination, "fraudulent misrepresentation," "negligent misrepresentation," "Depraved Constitutional Law and Civil Rights Conspiracy against right," "Concealing a Homicide Death," "obstructing investigation," "obstructions of justice," First Amendment violations, Fourth Amendment Violations, Sixth Amendment violations, Fourteenth Amendment violations, "color of law, Us code 42," treason, and "broken sworn of oath to protect federal and state witness from its accusers in Whistle Blower cases and denial of justice." Dkt. No. 1 at 3. This is simply a list of causes of action. It is not an explanation of what any of these defendants did to violate the plaintiff's rights, or the law.

As the court explained to the plaintiff in Case No. 18-cv-536, at dkt. no. 4 (E.D. Wis. June 11, 2018),

> [t]o bring a lawsuit in federal court, the plaintiff must either present facts that would show a violation of federal law or the federal constitution or he must sue a citizen of a different state for an amount that exceeds $75,000. 28 U.S.C. §§1331, 1332. The plaintiff has identified a myriad of claims, but none of them state private causes of action for which this court can grant relief. Things like obstruction and treason are criminal charges. A private citizen can't sue for those; the government brings criminal charges. See 18 U.S.C. §2381; 18 U.S.C. §1501, *et seq.* "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of

6

> another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Claims like negligent misrepresentation and fraudulent misrepresentation are claims that arise under state law. This court cannot decide state law claims unless they are related to a valid federal claim. See 28 U.S.C. §1367(a) (allowing the court to exercise supplemental jurisdiction "over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.")

Id. at pg. 5. A list of different causes of action does not state a claim for which a federal court can grant relief.

One line of the plaintiff's complaint states that "defendant has with held government files from Plaintiff that was supposed to be given to Plaintiff for status of crime reported[.]" Dkt. No. 1. Perhaps this is the plaintiff's attempt to state a claim under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552. But the plaintiff has not alleged that he made a FOIA request of the U.S. Marshals Service. He simply says that they withheld documents from him. Even if the plaintiff has made a proper FOIA request, he cannot bring a FOIA claim against individual defendants, nor claim damages under FOIA.

> [T]he [Freedom of Information] Act does not authorize suits against the individuals named in [the plaintiff's] complaint. Under 5 U.S.C. §552(a)(4)(B), 'on complaint, the district court . . . has jurisdiction to enjoin *the agency* from withholding agency records and to order the production of any agency records improperly withheld from the complainant.'

Henson v. Dep't of Health & Human Servs., 892 F.3d 868, 874 (7th Cir. 2018) (quoting 5 U.S.C. §552(a)(4)(B))(emphasis in original). The remedy for showing a FOIA violation is injunctive relief; the statute allows a district court only to "enjoin the agency from withholding agency records and order the production of any agency records improperly withheld from the complainant." 5 U.S.C.

7

§552(a)(4)(B). see also Walsh v. United States Dep't of Veterans Affairs, 400 F.3d 535, 537-38 (7th Cir. 2005). The court cannot grant the plaintiff that relief, however, because he has not properly alleged a FOIA claim or made a proper request for injunctive relief.

The court understands that the plaintiff is upset that the Marshals Service has not put him in witness protection, or protected him in the way he believes it should have done. But the plaintiff has not stated a claim for which this court can grant relief, and filing the same complaints over and over again won't change that fact.

**II. CONCLUSION**

The court **GRANTS** the plaintiff's motion to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED** without prejudice for failure to state a claim.

Dated in Milwaukee, Wisconsin this 13th day of December, 2018.

        **BY THE COURT:**

        **HON. PAMELA PEPPER**
        **United States District Judge**